UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH N. D'AMICO, FORT DISCOVERY CORP., a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFERSON COUNTY, a Washington County, DAVID STANKO, ROBERT GEBO, KATHLEEN KLER, DAVID SULLIVAN, KATE DEAN, GREG BROTHERTON,<br><br>Defendants. | CASE NO. 20-5253 RJB<br><br>ORDER ON MOTION FOR SUMMARY JUDGMENT AND ON STIPULATED MOTION |

This matter comes before the Court on Defendants' Motion for Summary Judgment (Dkt. 19) and the parties' Stipulation for Filing Second Amended Complaint (Dkt. 34), which should be considered a stipulated motion to file a second amended complaint. The Court has considered the pleadings filed regarding the motions and the file herein.

This case arises over a gun range owner and his company's dispute with various Jefferson County, Washington employees and elected officials. Dkt. 1.

ORDER ON MOTION FOR SUMMARY JUDGMENT AND ON STIPULATED MOTION - 1

## I.  PROCEDURAL HISTORY AND FACTS

On June 4, 2020, Defendants Jefferson County Board of Commissioners Kathleen Kler, David Sullivan, Kate Dean, and Greg Brotherton ("Commissioner Defendants") move for summary judgment dismissal of the 42 U.S.C. § 1983 claims asserted against them. Dkt. 19. They argue that they are entitled to absolute immunity from a suit brought against under 42 U.S.C. § 1983 for their legislative activities. *Id.* (*citing Bogan v. Scott-Harris,* 523 U.S. 44, 49 (1998).

The Plaintiffs filed a response and argue that they are not making any claims against these Defendants under § 1983 and will be filing a proposed second amended complaint to clarify their position. Dkt. 27. The Plaintiffs state that they are going to assert a tort claim against Kathleen Kler unrelated to her legislative actives. *Id.*

The Commissioner Defendants argue that dismissal of the § 1983 claims should be with prejudice. Dkt. 32. They point out that those are the only claims asserted in the Amended Complaint. *Id.* They argue new grounds for dismissal of the proposed tort claim against Kler. *Id.*

The Plaintiffs file a surreply and argue that the Court should not consider the new grounds for dismissal of the proposed tort claim raised in the Commissioner Defendants' reply. Dkt. 35.

On July 7, 2020, the parties filed the Stipulation for Filing Second Amended Complaint (Dkt. 34) and attached the proposed second amended complaint (Dkt. 34-1). The proposed second amended complaint adds a plaintiff and removes Jefferson County Board of Commissioners David Sullivan, Kate Dean, and Greg Brotherton. Dkt. 34-1. It makes a claim for "civil conspiracy" against Kathleen Kler. Dkt. 34-1.

This opinion will first consider the motion for summary judgment and then the stipulated motion to file a second amended complaint.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts

specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).  Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

### B. CLAIMS UNDER 42 U.S.C. § 1983

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

The Commissioner Defendants' Motion for Summary Judgment (Dkt. 19) should be granted.  To the extent the Plaintiffs' make claims against the Commissioner Defendants under § 1983 for their legislative activities the commissioners are entitled to absolute immunity.  *Bogan v. Scott-Harris,* 523 U.S. 44, 49 (1998).  These claims should be dismissed with prejudice.

### C. GROUNDS RAISED IN REPLY

To the extent that the Commissioner Defendants move for summary judgment dismissal of the alleged tort claim asserted against Defendant Kler in their reply, the Court should not consider those arguments.  "The district court need not consider arguments raised for the first time in a reply brief."  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

### D. STIPULATED MOTION TO FILE SECOND AMENDED COMPLAINT

The parties stipulated motion to file a second amended complaint (Dkt. 34) should be granted. For ease of reference, the Plaintiffs should refile the second amended complaint in the record, removing redlines, if any, on or before July 23, 2020.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- The Commissioner Defendants' Motion for Summary Judgment (Dkt. 19) **IS GRANTED**;

- To the extent that the Plaintiffs assert § 1983 claims against the Commissioner Defendants for their legislative activities, those claims are **DISMISSED WITH PREJUIDCE**; and

- The parties' Stipulation for Filing Second Amended Complaint (Dkt. 34) **IS GRANTED**;

- The Plaintiff **SHALL FILE** the Second Amended Complaint, removing redlines, if any, on or before **July 23, 2020**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 14th day of July, 2020.

ROBERT J. BRYAN
United States District Judge