UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH N. D'AMICO, an individual; FORT DISCOVERY CORP., a Washington corporation; SECURITY SERVICES NORTHWEST, INC., a Washington corporation, | No. 3:20-cv-05253 |

JOSEPH N. D'AMICO, an individual; FORT DISCOVERY CORP., a Washington corporation; SECURITY SERVICES NORTHWEST, INC., a Washington corporation,

           Plaintiffs,

 vs.

JEFFERSON COUNTY, a Washington county; DAVID STANKO; ROBERT GEBO; KATHLEEN KLER;,

           Defendants.

No. 3:20-cv-05253

**SECOND AMENDED COMPLAINT FOR:**
    **(A)FIRST AMENDMENT RETALIATION**
    **(B) WASHINGTON FREE-SPEECH RETALIATION**
    **(C) TORTIOUS INTERFERENCE WITH CONTRACT**
    **(D)CIVIL CONSPIRACY**
    **(E) FALSE LIGHT**
    **(F) CONSUMER PROTECTION ACT VIOLATIONS**
    **(G)SECOND AMENDMENT VIOLATION**
    **(H)WASHINGTON CONSTITUTION ART. I SEC. 24 VIOLATION**
    **(I) DUE PROCESS VIOLATIONS**
    **(J) EQUAL PROTECTION VIOLATIONS**
    **(K)INJUCTIVE AND DECLARATORY RELIEF**

**JURY TRIAL DEMANDED**

SECOND AMENDED COMPLAINT - 1

CARSON | NOEL
PLLC

20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717 | F. 425.837.5396

# I. INTRODUCTION

1.1     As the demographics of Jefferson County ("County") changed from a rural mostly working-class population to a retirement community for the wealthy, Joseph D'Amico and his companies Fort Discovery Corp. and Security Services Northwest, Inc., were caught in the cross hairs. Fort Discovery provides training for military and law enforcement units. As part of those services, it owned and operated a gun range. The political powers in the County do not like guns or people using guns. Consequently, County officials started working to shut down the gun range. However, Mr. D'Amico fought back. He owns the media outlet with the widest reach in the County, a popular Facebook page, that is often very critical of County officials, particularly with regard to their actions toward his business. He has filed lawsuits against the County, some of which he has won at great expense to the County. In retaliation against Mr. D'Amico's initiation of lawsuits and publication of news and editorials critical of them, and to shut down the gun range to please their influential constituents, County officials contacted Mr. D'Amico's customers and falsely told them that a "2009 court order" (which was an administrative decision by a hearing examiner) made training at the range "illegal." Their plan worked: Mr. D'Amico quickly lost his military and law enforcement customers. County officials also appear to have falsely told Facebook that Mr. D'Amico was under "criminal investigation," which caused Facebook to suspend Mr. D'Amico's advertising account, thereby preventing him from growing his audience and consequently shrinking the number of readers of his news outlet. The County also opened a "criminal investigation" of D'Amico (for violating the administrative hearing examiner decision

SECOND AMENDED COMPLAINT - 2



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717    |    F. 425.837.5396

that they called the "2009 court order") and sent a press release to the media that Mr. D'Amico, who holds several licenses for his security companies, was under "criminal investigation." To put the final nail in the coffin of Mr. D'Amico's gun range, the County imposed a moratorium on his planned new gun range and then, for good measure, essentially outlawed all new indoor gun ranges in the County. These actions were in retaliation for Mr. D'Amico's exercise of his free-speech and access-to-courts rights and violated his Second Amendment rights.

1.2    Mr. D'Amico, Fort Discovery, and Security Services Northwest are asserting:

- A First Amendment retaliation claim for the damages caused when a County sheriff and his special investigator falsely told the gun range's customers that training at the range was illegal; contacted Facebook with claims that Mr. D'Amico was under "criminal investigation" to shut down his page; sent a press release to the local newspaper with a claim that Mr. D'Amico was under "criminal investigation," which the newspaper printed; and the County passed a moratorium on new gun ranges and then passed two additional ordinances that essentially prevent new gun ranges.

- A Second Amendment claim for damages under the *Ezell*[1] line of cases protecting the right to safely train with firearms by prohibiting government agencies from preventing commercial gun ranges by making them impossible as a practical matter to build.

---

[1] *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011), *appeal after remand*, 846 F.3d 888 (7th Cir. 2017).

SECOND AMENDED COMPLAINT - 3

- Due Process and Equal Protection claims for damages and declaratory relief for the County's attempt to apply new regulations to Plaintiffs' land use application specifically to prevent him from building a new gun range.

- Tortious Interference with Contracts claims for the Defendants' actions interfering with Plaintiffs' contracts with military and law enforcement units.

- False Light claims for the Defendants' press release to the newspaper about Mr. D'Amico being under a trumped-up "criminal investigation."

- Civil Conspiracy claims for the coordinated illegal activities by the Defendants.

- Consumer Protection Act claims for the harm Defendants caused to Plaintiffs' business as a result of their unfair and deceptive acts in trade and commerce.

- Injunction and Declaratory relief to require the Defendants to allow Plaintiffs to build the gun range.

1.3      For each of the First Amendment retaliation claims Mr. D'Amico brings a corresponding claim for a violation of the free-speech clause and the access-to-courts clause of the Washington Constitution. For the Second Amendment claim, he brings a corresponding claim for a violation of the right-to-bear-arms clause of the Washington Constitution.

## II.     PARTIES

2.1      Plaintiff Joseph N. D'Amico ("D'Amico") is an individual residing in Clallam County, Washington. He is the majority shareholder of the co-plaintiff Fort Discovery Corp. and Security Services Northwest, Inc.

SECOND AMENDED COMPLAINT - 4



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

2.2    Plaintiff Fort Discovery Corp. ("Fort Discovery") is a Washington corporation headquartered in Clallam County, Washington. Fort Discovery operated a gun range in Jefferson County, Washington and seeks to build a new one there.

2.3    Plaintiff Security Services Northwest ("SSNW") is a Washington corporation headquartered in Clallam County, Washington. SSNW provides security services and used the now-disabled Facebook advertising account to recruit employees. SSNW holds security guard company licenses in four states that require its principals, such as Mr. D'Amico, to not be under "criminal investigation."

2.4    Defendant Jefferson County ("County") is a municipal corporation formed under the laws of the state of Washington.

2.5    David Stanko was the Jefferson County Sheriff from November 25, 2014 to December 31, 2018.  Relative to the claims put forward in this lawsuit, Mr. Stanko was acting in his official capacity and acting in his own interests.

2.6    Robert Gebo was a special investigator with the Jefferson County Sheriff's office. Relative to the claims put forward in this lawsuit, Special Investigator Gebo was acting in his official capacity and acting in his own interests.

2.7    Kathleen Kler was a County Commissioner from January 1, 2014 to December 31, 2018. Relative to the claims put forward in this lawsuit, Ms. Kler was acting in her official capacity and acting in her own interests.

SECOND AMENDED COMPLAINT - 5

CARSON | NOEL
PLLC

20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717    |    F. 425.837.5396

### III. JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331

and 1343 because it includes claims brought pursuant to 42 U.S.C. § 1983 and the First,

Second, and Fourteenth Amendments to the United States Constitution.

3.2     This Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28

U.S.C. § 1367 because those claims are so related to Plaintiffs' federal law claims such

that they form part of the same case or controversy under Article III of the United States

Constitution.

3.3     This Court has personal jurisdiction over all parties because they all reside within the

Western District of Washington.

3.4     Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial portion

of the events giving rise to this case occurred in this district, and because Defendants

reside in this district.

### IV. FACTS ENTITLING PLAINTIFFS TO RELIEF

4.1     Fort Discovery and its predecessor company operated a gun range and military and law

enforcement training facility in Jefferson County from the late 1980s to October 31,

2017.

4.2     Fort Discovery's customers for the gun range and training facility included the Jefferson

County Sheriff's Office, Kitsap County Sheriff's Office, Clallam County Sheriff's

Office, Washington State Patrol, Washington State Parks police, Washington State Fish

and Wildlife, Federal Bureau of Investigation, Border Patrol, Customs and Border

Protection, the Army, Navy, and Marine Corps.

SECOND AMENDED COMPLAINT - 6



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

4.3 Beginning in the mid-2000s, some politically powerful residents opposed the gun range and the fact that the military was training there.

4.4 From 2007 to 2008, Mr. D'Amico published a widely circulated paper newsletter called *The Fort Discovery*. From 2008 to 2012, he published a widely circulated electronic newsletter called JeffCo 101. During this same period of time, Mr. D'Amico also published a YouTube channel of the same name which has garnered over 81,000 views. All three of these media outlets contained news and editorial content that was very critical of County officials.

4.5 In 2012, Mr. D'Amico decided to reach even more County residents. He started a Facebook news site called Jefferson County Washington ("JC Facebook").

4.6 In 2017, Mr. D'Amico hired the editor of the local newspaper to become the editor of JC Facebook. The editor writes hundreds of local news stories a year, often covering stories the local newspaper does not.

4.7 Mr. D'Amico's JC Facebook news site now has more followers than the paid circulation of the local newspaper.

4.8 Some of the news stories on JC Facebook cover news stories on topics that embarrass County officials. Mr. D'Amico also published editorials on JC Facebook that were highly critical of County officials.

4.9 Mr. D'Amico has prevailed in several lawsuits against the County that embarrassed County officials.

CARSON | NOEL
PLLC

20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

**Stanko and Gebo Mislead Plaintiffs' Customers**

4.10 In late 2016 and early 2017, the County Sheriff, David Stanko, who was heading into a difficult re-election campaign, took the lead on behalf of the County on efforts to shut down the gun range.

4.11 On January 23, 2017, Sheriff Stanko met with the leader of the group opposed to the range.

4.12 On the same day, the County Prosecuting Attorney told Sheriff Stanko that land-use code enforcement was a low priority for the County and to not promise the gun-range opponents any action by the County.

4.13 After his January 23, 2017 meeting with the politically powerful opponent of the gun range, Sheriff Stanko intensified his efforts to shut down the Fort Discovery range – but Sheriff Stanko implemented a plan to shut down the gun range outside of the legal process.

4.14 Sheriff Stanko, alone or at the behest of other Defendants, decided to contact Fort Discovery's customers and tell them not to use the range.

4.15 The Jefferson County Undersheriff at the time, Joe Nole, specifically told Sheriff Stanko and Special Investigator Gebo, a subordinate of Sheriff Stanko who was helping the Sheriff in this endeavor, that it was improper to contact Fort Discovery's customers to persuade them to discontinue using the gun range.

4.16 At least one County Commissioner at the time, Ms. Kler, knew as late as January 31, 2017 of Sheriff Stanko's plan and encouraged his actions.

SECOND AMENDED COMPLAINT - 8



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

4.17    The plan proceeded. Beginning in mid-March 2017, Sheriff Stanko had Special Investigator Gebo contact Fort Discovery's customers under the auspices of an official law enforcement investigation and told them a "2009 court order" made training at the gun range illegal and that the Prosecuting Attorney would soon be filing a legal action to shut down the range.

4.18    There was no "2009 court order."

4.19    The plan to scare off Fort Discovery's customers worked. By May 2017, all of Fort Discovery's military and law enforcement customers had terminated their contracts with Fort Discovery.

4.20    Fort Discovery lost hundreds of thousands of dollars as a result of the County's plan to tell Fort Discovery's customers there was a court order that prohibited training at the gun range.

### County Talks Plaintiff's Landlord Into Evicting Plaintiffs

4.21    At all relevant times, Mr. D'Amico rented the land upon with the range operated from Reed Gunstone.

4.22    In August 2017, Special Investigator Gebo met with Jefferson County Chief Civil Deputy Prosecuting Attorney Philip Hunsucker to discuss the Fort Discovery matter.

4.23    Upon information and belief, Mr. Hunsucker and other County officials were in contact with Mr. Gunstone and his attorney, Larry Setchell, to discuss Mr. Gunstone evicting Fort Discovery as a way to permanently shut down the gun range.

4.24    In a September 2017 email to Mr. Setchell, Mr. Hunsucker wrote: "a permanent solution to the outstanding permit and unauthorized use issues is absolutely necessary."

SECOND AMENDED COMPLAINT - 9



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

4.25    In September 2017, Mr. Gunstone evicted Fort Discovery.

**County Contacts Facebook to Shut Down the Account**

4.26    In March and May 2015, County officials and staff contacted Facebook to inquire about shutting down Mr. D'Amico's JC Facebook news site. Upon information and belief, Stanko did, too (although he denies it). Upon information and belief, County officials and staff continued to contact Facebook regarding the JC Facebook page from 2015 through late 2017.

4.27    In January 2018, Facebook suspended Mr. D'Amico's Facebook advertising account. As a result, Mr. D'Amico was no longer able to boost the visits to his Facebook pages, both for his business and for the JC Facebook page.

4.28    Before the suspension of his account, Mr. D'Amico paid approximately $130,000 to boost advertising on his Facebook accounts to increase the followers and views of his pages, including his JC Facebook page.

4.29    When he could no longer boost his pages, Mr. D'Amico began to lose followers on all his pages through attrition, including his JC Facebook page.

4.30    SSNW suffered losses from the shut-off of the Facebook advertising account because it could no longer use Facebook to hire security guards or advertise its services.

4.31    Mr. D'Amico's $130,000 investment is now largely worthless. And he and SSNW have lost hundreds of thousands of dollars in sales because of the loss of his advertising effectiveness.

SECOND AMENDED COMPLAINT - 10



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

**County Tries to Keep Plaintiff from Obtaining County Contract**

4.32    In October 2017, the County tried to prevent Mr. D'Amico's security company, Security

Services Northwest, Inc., from bidding on a County contract to provide courthouse

security by inserting a contract requirement that the bidder must not have any "code

violations" with the County.

4.33    This clause had never been used in any other County contracts and was inserted

specifically as an attempt to keep Mr. D'Amico's company from getting the County

contract.

**County Issues Press Release to Local Newspaper That Mr. D'Amico Is Under "Criminal Investigation"**

4.34    Sometime in August or September 2017, the County is claiming it opened a "criminal

investigation" of Mr. D'Amico. The County has claimed several different bases for the

investigation but seems to recently have settled on the theory that the investigation was

for Mr. D'Amico providing training to military and law enforcement units. This training,

in the County's view, violated the administrative hearing examiner decision that was

eventually upheld by a 2009 Court of Appeals decision. The County calls this the "2009

court order," but there was no court order prohibiting training; and the administrative

hearing examiner decision did not carry any criminal penalties.

4.35    On May 1, 2018, the County, through chief Civil Prosecutor, sent a press release

announcing that Mr. D'Amico was under "criminal investigation." The County did not

explain the basis for the "criminal investigation."

4.36    On May 4, 2018, the local newspaper, the Peninsula Daily News, reported in a front-

page, above-the-fold story that Mr. D'Amico was under "criminal investigation."

SECOND AMENDED COMPLAINT - 11



**County Passes Ordinances Preventing Plaintiffs' New Gun Range**

4.37   In June 2017, Fort Discovery began the County permitting process to build a new gun range in Jefferson County.

4.38   Fort Discovery's proposed range would be an outdoor range because, among other reasons, an indoor range was too expensive to build with the required ventilation system to filter out airborne lead particles. In addition, there are types of training provided by Fort Discovery that cannot be done in an indoor facility.

4.39   Fort Discovery began the permitting process for the new range by participating in the required pre-application conference and by submitting documents in support thereof. The County gave Fort Discovery an application number and accepted the documents.

4.40   Mr. D'Amico repeatedly asked during the pre-application process and thereafter whether he needed to do anything else to begin the application process. County officials repeatedly told him "no" and that all he needed to do to start the process was to participate in the pre-application process. Mr. D'Amico reasonably relied on these representations by County officials confirming the commencement of the application process and vested status of the application.

4.41   County planning staff told those opposed to the gun range about Fort Discovery's application to build a new gun range.

4.42   On December 17, 2017, the County suddenly (and without public notice) enacted Ordinance 05-1218-17, which imposed a moratorium on new commercial shooting facilities ("Moratorium").



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

4.43   Fort Discovery was the only entity proposing a new commercial shooting facility and therefore was the only entity impacted by the Moratorium.

4.44   On February 24, 2020, the County passed two ordinances making it essentially impossible for Plaintiffs, or anyone else, to build a gun range in Jefferson County.

4.45   The first was Ordinance 04-0224-20, an operating permit ordinance requiring commercial gun ranges to be indoor, as opposed to the outdoor range proposed by Mr. D'Amico.

4.46   The second was Ordinance 03-224-20, a zoning ordinance restricting commercial shooting facilities to industrial and commercial zones. Ordinance 04-0224-20 and 03-0224-20 will collectively be referred to as the "Indoor-Only Ordinances."

4.47   There are almost no parcels of land available in Jefferson County where it would be possible to construct an indoor shooting range under Ordinance 03-224-20, the zoning ordinance. Therefore, there is no way as a practical matter for Fort Discovery to build a new indoor commercial shooting facility.

4.48   Fort Discovery, and Mr. D'Amico as its majority shareholder, have suffered and will continue to suffer damages from the Moratorium and Indoor-Only Ordinances in the form of delay costs and lost revenue.

4.49   Fort Discovery's property upon which it seeks to build the new gun range is entirely surrounded by property owned by Rayonier, Inc. ("Rayonier").

4.50   Fort Discovery does not have a recorded easement over Rayonier's property to access Fort Discovery's property.

4.51   Since 2017, Fort Discovery has had an agreement with Rayonier's predecessor, Pope Resources, to access the property.

SECOND AMENDED COMPLAINT - 13



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

4.52   On June 15, 2020, the County Board of Commissioners voted to authorize a County Code Enforcement Officer Debra Murdoch to discuss "site access" issues with Rayonier.

4.53   On June 23, 2020, Rayonier sent a letter to Mr. D'Amico informing him that he no longer had access to his landlocked property.

4.54   Upon information and believe, the County influenced Rayonier to remove Ft. Discovery's access to its landlocked property in retaliation for Mr. D'Amico's activities, such as the filing of this federal lawsuit.

## V.   CAUSES OF ACTION

### First Cause of Action: First Amendment Retaliation
### (asserted against County)

5.1   Plaintiffs engaged in activity protected by the First Amendment to the United States Constitution.

5.2   The County retaliated against Plaintiffs for their constitutionally protected activities by contacting Fort Discovery's customers with false claims that training at the gun range was "illegal;" contacting Facebook with claims that Mr. D'Amico was under a "criminal investigation;" sending a press release claiming Mr. D'Amico was under "criminal investigation;" enacting the Moratorium; and enacting the Indoor-Only Ordinances.

5.3   The County took adverse actions against Plaintiffs that would chill a person of ordinary firmness from continuing to engage in the constitutionally protected activity.

5.4   Plaintiffs' constitutionally protected activity was a substantial motivating factor in the County's conduct – that is, there was a nexus between Defendants' actions and an intent to chill Plaintiff's speech.

SECOND AMENDED COMPLAINT - 14



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

5.5     The County intended to interfere with Plaintiffs' First Amendment rights.

5.6     The County violated Plaintiffs' First Amendment rights.

5.7     Plaintiffs suffered injuries as a result, including but not limited to: the loss of revenue from the customers who no longer use the Fort Discovery range; the costs of building up a Facebook audience and lost revenue from a diminished audience; damaged personal and professional reputation from the claim that Mr. D'Amico was under "criminal investigation;" and delay and consulting costs from the Moratorium and Indoor-Only Ordinances.

5.8     The County's actions were the proximate cause of Plaintiffs' injuries.

**Second Cause of Action: Washington Constitution Article I, § 5 Free-Speech Retaliation (asserted against the County)**

5.9     Plaintiffs engaged in activity protected by the Washington Constitution, Article I, § 5.

5.10    The County retaliated against Plaintiffs for their constitutionally protected activities by contacting Fort Discovery's customers with false claims that training at the gun range was "illegal;" contacting Facebook with claims that Mr. D'Amico was under a "criminal investigation;" sending a press release claiming Mr. D'Amico was under "criminal investigation;" enacting the Moratorium; and enacting the Indoor-Only Ordinances.

5.11    The County took adverse actions against Plaintiffs that would chill a person of ordinary firmness from continuing to engage in the constitutionally protected activity.

5.12    Plaintiffs' constitutionally protected activity was a substantial motivating factor in the County's conduct – that is, there was a nexus between Defendants' actions and an intent to chill Plaintiff's speech.

5.13    The County intended to interfere with Plaintiffs' Article I, § 5 rights.

SECOND AMENDED COMPLAINT - 15



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

5.14 The County violated Plaintiffs' Article I, § 5 rights.

5.15 Plaintiffs suffered injuries as a result, including but not limited to: the loss of revenue from the customers who no longer use the Fort Discovery range; the costs of building up a Facebook audience and lost revenue from a diminished audience; damaged personal and professional reputation from the claim that Mr. D'Amico was under "criminal investigation;" and delay and consulting costs from the Moratorium and Indoor-Only Ordinances.

5.16 Defendants' actions were the proximate cause of Plaintiffs' injuries.

**Third Cause of Action: Washington Constitution
Article I, § 10 Access-to-Courts Retaliation
(asserted against the County)**

5.17 Plaintiffs engaged in activity protected by the Washington Constitution, Article I, § 10.

5.18 The County retaliated against Plaintiffs for their constitutionally protected activities by contacting Fort Discovery's customers with false claims that training at the gun range was "illegal;" contacting Facebook with claims that Mr. D'Amico was under a "criminal investigation;" sending a press release claiming Mr. D'Amico was under "criminal investigation;" enacting the Moratorium; and enacting the Indoor-Only Ordinances.

5.19 The County took adverse actions against Plaintiffs that would chill a person of ordinary firmness from continuing to engage in the constitutionally protected activity.

5.20 Plaintiffs' constitutionally protected activity was a substantial motivating factor in the County's conduct – that is, there was a nexus between Defendants' actions and an intent to chill Plaintiff's speech.

5.21 The County intended to interfere with Plaintiffs' Article I, § 10 rights.



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

5.22 Defendants violated Plaintiffs' Article I, § 10 rights.

5.23 Plaintiffs suffered injuries as a result, including but not limited to: the loss of revenue from the customers who no longer use the Fort Discovery range; the costs of building up a Facebook audience and lost revenue from a diminished audience; damaged personal and professional reputation from the claim that Mr. D'Amico was under "criminal investigation;" and delay and consulting costs from the Moratorium and Indoor-Only Ordinances.

5.24 Defendants' actions were the proximate cause of Plaintiffs' injuries.

### Third Cause of Action: Tortious Interference with Contract
### (asserted against the County, Stanko, and Gebo)

5.25 At the time of the conduct at issue, Plaintiffs were a party to valid contracts with their military and law enforcement customers ("Customers") to provide training and related goods and services, and Plaintiffs were a party to a valid contract with Facebook to boost posts and advertise.

5.26 The County, Stanko, and Gebo knew of the existence of Plaintiffs' contracts with the Customers and Facebook.

5.27 The County, Stanko, and Gebo contacted Plaintiffs' Customers and falsely told them using the gun range was illegal.

5.28 The County, Stanko, and Gebo contacted Facebook with false claims about Plaintiffs including, but not limited to, Plaintiffs being under a "criminal investigation."

5.29 The County, Stanko, and Gebo intentionally induced or caused the Customers and Facebook to breach their contracts with Plaintiffs or otherwise interfered with those contracts or business expectancies.

SECOND AMENDED COMPLAINT - 17



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

5.30 The Customers and Facebook terminated their contracts with Plaintiffs.

5.31 The County, Stanko, and Gebo had an improper purpose to terminate the contracts with Customers and Facebook, that is, they interfered with Plaintiffs' contracts with the intent to harm Plaintiffs, which included but was not limited to retaliation for Plaintiffs' exercise of their constitutional rights and to curry political favor with those opposed to Plaintiffs' business.

5.32 The County, Stanko, and Gebo used improper means to terminate the contracts with Customers and Facebook, including but not limited to contacting the Customers and Facebook by using County resources to retaliate against Plaintiffs' for their exercise of their constitutional rights and to curry political favor with those opposed to Plaintiffs.

5.33 Stanko and Gebo were not carrying out a statutory duty when contacting Plaintiffs' Customers or Facebook.

5.34 Stanko and Gebo were not acting according to procedures dictated to them by statute or superiors.

5.35 Defendants were not acting reasonably.

5.36 Plaintiffs suffered damages as a direct result of Stanko and Gebo's actions, including but not limited to lost revenue from the Customers from approximately February 1, 2017 to October 31, 2017; damage to their business reputation and loss of goodwill; a loss of the approximately $130,000 spent to boost Facebook posts and build a larger audience; and for lost advertising revenue from the diminished reach of the Facebook posts.

5.37 Stanko and Gebo's actions were the proximate cause of Plaintiffs' injuries.

SECOND AMENDED COMPLAINT - 18



5.38   , The County, Stanko, and Gebo, are jointly and severally liable pursuant to RCW

4.22.070(1)(a) because they were acting in concert.

### Fourth Cause of Action: Civil Conspiracy
### (asserted against County, Stanko, Gebo, and Kler)

5.39   The County, Kler, Stanko and Gebo, were a combination of two or more people (the

"Conspirators").

5.40   The Conspirators  worked together to interfere with Plaintiffs' contracts with their

Customers and Facebook with the intent to harm Plaintiffs, which included but was not

limited to retaliation for Plaintiffs' exercise of their constitutional rights and to curry

political favor with those opposed to Plaintiffs.

5.41   The Conspirators used County resources to retaliate against Plaintiffs for their exercise of

their constitutional rights and to curry political favor with those opposed to Plaintiffs.

5.42   Plaintiffs suffered damages as a direct result of The Conspirators' actions, including but

not limited to lost revenue from the Customers from approximately February 1, 2017 to

October 31, 2017; damage to their business reputation and loss of goodwill; a loss of the

approximately $130,000 spent to boost Facebook posts and build a larger audience; and

for lost advertising revenue from the diminished reach of the Facebook posts.

5.43   The Conspirators' actions were the proximate cause of Plaintiffs' injuries.

5.44   The Conspirators are jointly and severally liable pursuant to RCW 4.22.070(1)(a) because

they were acting in concert.



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

### Fifth Cause of Action: Consumer Protection Act (Restraint of Trade)
### (asserted against Stanko and Gebo)

5.45    Defendants, Stanko and Gebo, performed unfair or deceptive acts or practices, specifically an act or practice in violation of public policy, including but not limited to using false information to drive away customers of a business for political gain, and Stanko used false information to suspend the Facebook advertising account of a media outlet critical of Defendants, both of which were in retaliation for Plaintiffs' opposing his political campaign.

5.46    Stanko and Gebo's actions occurred in trade or commerce.

5.47    Stanko and Gebo's actions impacted the public interest.

5.48    Stanko and Gebo's actions caused injury to Plaintiffs' businesses, including damage to reputation and loss of goodwill.

5.49    But for Stanko and Gebo's unfair or deceptive act or practice, Plaintiffs would not have suffered an injury.

5.50    Stanko and Gebo's unfair or deceptive acts or practices proximately caused the injury to Plaintiffs' businesses.

5.51    Plaintiffs' injuries were caused by Stanko and Gebo's unfair or deceptive acts.

### Sixth Cause of Action: False Light
### (asserted against County)

5.52    The County sent a press release claiming Mr. D'Amico was under "criminal investigation" when the there was no actual criminal investigation. The County conducted a fictitious investigation when it knew or should have known that no crimes



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

were involved and there was no possibility of a crime being charged, solely to harm Plaintiffs.

5.53 The Peninsula Daily News published an article about Mr. D'Amico being under "criminal investigation."

5.54 The newspaper article was online and is searchable worldwide for years to come.

5.55 D'Amico and SSNW have security guard licenses that require them not to be under "criminal investigation."

5.56 By releasing the press release to the newspaper, Defendants publicized a matter that placed Mr. D'Amico in a false light.

5.57 The false light into which Mr. D'Amico was placed was highly offensive to a reasonable person.

5.58 Defendants knew of, or recklessly disregarded, the falsity of the publication and the false light in which Mr. D'Amico was placed.

5.59 Mr. D'Amico and SSNW were harmed by the Defendants' actions in the form of damage to their personal and business reputations.

### Sixth Cause of Action: Violation of Second Amendment
### (asserted against County)

5.60 Plaintiffs have the right under the Second Amendment to the United States Constitution to maintain proficiency in firearms in the controlled setting of a commercial shooting range as described in the *Ezell* line of cases, and to operate a gun range so others may also exercise their Second Amendment *Ezell* rights.

5.61 Defendants' enactment of the Moratorium and the Indoor-Only Ordinances deny Plaintiffs their Second Amendment *Ezell* rights.



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

5.62 Defendants intended to deprive Plaintiffs of their constitutional rights or had reckless disregard for those rights.

5.63 Plaintiffs have suffered injuries as a direct result of Defendants' enactment of the Moratorium and enactment of the Indoor-Only Ordinances including but not limited to delay costs, increased consultant costs, and lost revenue.

5.64 Defendants' enactment of the Moratorium and enactment of the Indoor-Only Ordinances were the proximate cause of the injuries to Plaintiffs.

**Seventh Cause of Action: Washington Constitution Article I, § 24 Violation (asserted against County)**

5.65 Plaintiffs have the right under the Washington Constitution, Article I, § 24 to maintain proficiency in firearms in the controlled setting of a commercial shooting range as described in the *Ezell* line of Second Amendment cases, and to operate a gun range so others may also exercise their *Ezell* rights.

5.66 Defendants' enactment of the Moratorium and the Indoor-Only Ordinances deny Plaintiffs their Article I, § 24 *Ezell* rights.

5.67 Defendants intended to deprive Plaintiffs of their constitutional rights or had reckless disregard for those rights.

5.68 Plaintiffs have suffered injuries as a direct result of Defendants' enactment of the Moratorium and the Indoor-Only Ordinances including but not limited to delay costs, increased consultant costs, and lost revenue.

5.69 Defendants' enactment of the Moratorium and the Indoor-Only Ordinances were the proximate cause of the injuries to Plaintiffs.

SECOND AMENDED COMPLAINT - 22



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

## Eighth Cause of Action: Federal Due Process Violations
### (asserted against County)

5.70    Plaintiffs have the right under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to use their land they purchased to build a gun range under the standards in effect when they started the application process.

5.71    The County's enactment of the Moratorium and the Indoor-Only Ordinances deny Plaintiffs their Due Process rights.

5.72    The County intended to deprive Plaintiffs of their constitutional rights or had reckless disregard for those rights.

5.73    Plaintiffs have suffered injuries as a direct result of the County's enactment of the Indoor-Only Ordinances including but not limited to delay costs, increased consultant costs, and lost revenue.

5.74    Defendants' enactment of the Moratorium and the Indoor-Only Ordinances were the proximate cause of the injuries to Plaintiffs.

## Ninth Cause of Action: Washington Constitution, Article I, § 3 Due Process Violations
### (asserted against County)

5.75    Plaintiffs have the right under Washington Constitution, Article I, § 3 to use their land they purchased to build a gun range under the standards in effect when they started the application process.

5.76    The County's enactment of the Moratorium and the Indoor-Only Ordinances deny Plaintiffs their Due Process rights.

5.77    The County intended to deprive Plaintiffs of their constitutional rights or had reckless disregard for those rights.

SECOND AMENDED COMPLAINT - 23



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

5.78    Plaintiffs have suffered injuries as a direct result of the County's enactment of the Moratorium and the Indoor-Only Ordinances including but not limited to delay costs, increased consultant costs, and lost revenue.

5.79    The County's enactment of the Moratorium and the Indoor-Only Ordinances were the proximate cause of the injuries to Plaintiffs.

### Ninth Cause of Action: Federal Equal Protection Violations
### (asserted against County)

5.80    Plaintiffs have the right under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution to not be singled out for unequal treatment in the land use process.

5.81    The County's enactment of the Moratorium and the Indoor-Only Ordinances deny Plaintiffs their Equal Protection rights.

5.82    The County's intended to deprive Plaintiffs of their constitutional rights or had reckless disregard for those rights.

5.83    Plaintiffs have suffered injuries as a direct result of Defendants' enactment of the Moratorium and the Indoor-Only Ordinances including but not limited to delay costs, increased consultant costs, and lost revenue.

5.84    The County's enactment of the Moratorium and the Indoor-Only Ordinances were the proximate cause of the injuries to Plaintiffs.

### Tenth Cause of Action: Declaratory and Injunctive Relief
### (asserted against County)

5.85    Plaintiffs are entitled to declaratory ruling under 28 U.S.C. § 2201 that:



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

a. The County violated Plaintiffs' rights under Washington Constitution, Article I, §§ 5, 10, and 24; and

b. Plaintiff Fort Discovery has a vested right to build an outdoor gun range on the property purchased for that reason under the County ordinances and regulations in place at the time Plaintiffs submitted their pre-application packet to the County.

5.86 Plaintiffs are entitled to injunctive relief under 28 U.S.C. § 2202 enjoining the County from:

a. Enforcing the Indoor-Only Ordinances; and

b. Further violating Plaintiffs' rights under the United States Constitution and Washington State Constitution by retaliating against Plaintiffs as a result of exercising their free speech rights and right to bear arms.

## VI. REQUEST FOR RELIEF

Plaintiffs request the following:

A.     Actual and punitive damages pursuant to 42 U.S.C. § 1983, and attorney's fees and costs pursuant to 42 U.S.C. § 1988.

B.     A declaratory judgement that the County violated Plaintiffs' Washington Constitution Article I, § 5 rights and an injunction against doing so again.

C.     A declaratory judgement that Defendants violated Plaintiffs' Washington Constitution Article I, § 10 rights and an injunction against doing so again.

D.     A declaratory judgement that Defendants violated Plaintiffs' Washington Constitution Article I, § 24 rights and an injunction against doing so again.

CARSON | NOEL
PLLC

20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

E.   A declaratory judgment that Plaintiffs' rights to build the gun range vested with at pre-application stage and that they are allowed to build the gun range under the County Code in effect as of that date and that the Moratorium and Indoor-Only Ordinances do not apply to the project.

F.   Damages and attorney's fees suffered by Plaintiffs as a result of Defendants' illegal and improper actions;

G.   An award of actual damages, treble damages, and attorney's fees and costs pursuant to RCW 19.86.090 and a civil penalty pursuant to RCW 19.86.140; and

H.   For such other relief and the Court deems just and appropriate.

RESPECTFULLY SUBMITTED this 15th day of July 2020.

CARSON & NOEL, PLLC
Attorneys for Plaintiffs


By:   /s/ Wright A. Noel_____
      /s/ Stacy Goodman_____
      Wright Noel, WSBA No. 25264
      Stacy Goodman, WSBA No. 39287
      20 Sixth Avenue N.E.
      Issaquah, WA 98027
      Telephone: (425) 395-7786
      Email: wright@carsonnoel.com
             stacy@carsonnoel.com

LAW OFFICE of CHARLES MADUELL, PLLC
Attorneys for Plaintiffs

By:   /s/ Charles Maduell_____
      Charles Maduell, WSBA No. 15491
      1400 112th Ave SE Ste. 100
      Bellevue, WA 98004-6901
      Telephone: (206) 240-0194
      Email: chuck@charlesmaduell.com

SECOND AMENDED COMPLAINT - 26



FORT DISCOVERY CORP. –
OFFICE OF GENERAL COUNSEL
Attorneys for Plaintiff


By:     /s/ Greg Overstreet
        Greg Overstreet, WSBA No. 26682
        250 Center Park Way
        Sequim, WA 98382
        Telephone: (800) 859-3463
        Email: greg@ssnwhq.com



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

# DECLARATION OF SERVICE

I hereby declare that on July 15, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| Andrew Cooley<br>Keating, Bucklin & McCormack, Inc., P.S.<br>801 Second Avenue, Suite 1210<br>Seattle, WA 98104<br>Email: *acooley@kbmlawyers.com*<br>*Attorneys for Defendants* | ☒ CM/ECF<br>☐ E-mail<br>☐ Hand Delivery<br>☐ US Mail<br>☐ Facsimile |
| Philip C. Hunsucker<br>Chief Civil Deputy Prosecuting Attorney<br>Jefferson County Prosecuting Attorney's Office<br>P.O. Box 1220<br>Port Townsend, WA 98368<br>Email: phunsucker@co.jefferson.wa.us<br>*Attorneys for Defendants* | ☐ CM/ECF<br>☒ E-mail<br>☐ Hand Delivery<br>☐ US Mail<br>☐ Facsimile |

*s/Dana Carrothers*
Dana Carrothers



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396